Filed 3/25/24  P. v. Salinas CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PEDRO SALINAS,<br><br>Defendant and Appellant. | F086030<br><br>(Super. Ct. No. VCF353719)<br><br>OPINION |

THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Audrey R. Chavez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kimberley A. Donohue and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Detjen, J. and Smith, J.

**INTRODUCTION**

Defendant Pedro Salinas was resentenced on March 30, 2023, and now appeals the criminal protective order issued by the trial court under Penal Code section 136.2.[1] Defendant argues that the trial court lacked authority to issue: (1) a protective order pursuant to section 136.2, subdivision (a), which only provides for pretrial protective orders; (2) a posttrial protective order under section 136.2, subdivision (i) because the court failed to make the necessary factual findings; and (3) a protective order as to I.C. because the jury acquitted defendant of committing a crime against her. The People concede that the protective order must be modified to exclude I.C. from its provisions, but argue that section 136.2, subdivision (i) authorized the protective order as to defendant's other two victims and that defendant forfeited his right appeal the trial court's failure to make express findings even if required. Defendant requests that we adopt the People's proposed resolution to modify the protective order to exclude I.C. and agrees that his remaining arguments are moot.

We accept the parties' agreement and will order the trial court to modify the protective order it issued in this case to remove I.C. from its terms.

**PROCEDURAL BACKGROUND**

On June 12, 2019, after a four-day trial, a jury convicted defendant of forcible lewd acts upon a child under 14 years of age (§ 288, subd. (b)(1); count 2), lewd acts upon a child under 14 years of age (§ 288, subd. (a); counts 1, 3–6, 8, 14–15)[2] aggravated sexual assault of a child under 14 years of age by forcible sodomy (§ 269, subd. (a)(3); count 9), forcible sodomy of a child 14 years of age or older (§ 286, subd. (c)(2)(C); counts 10, 11), and forcible sexual penetration of a child 14 years of age or older (§ 289,

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    Count 6 alleged an attempted lewd act upon a child under 14 years of age (§§ 664, 288, subd. (a)). The jury acquitted defendant of count 7, lewd acts upon a child under 14 years of age (§ 288, subd. (a)).

2.

subd. (a)(1)(C); counts 12, 13).[3]  The jury found true the multiple victim circumstances (§ 667.61, subds. (b), (e)) as to counts 2, 3, 14, and 15 and the allegations that defendant had substantial sexual conduct with a child under 14 years of age (§ 1203.066, subd. (a)(8)) as to counts 1 through 5, 8, 14, and 15.

The trial court sentenced defendant to a total term of 122 years to life in prison, including five separate terms of 15 years to life, pursuant to the "One Strike" law (§ 667.61).  After defendant appealed, we reversed his conviction on count 5, modified the conviction on count 12 to assault of a person under 18 years of age with intent to commit rape in violation of section 220, subdivision (a)(2), and remanded to the trial court with instructions to resentence defendant and exercise its discretion to stay the sentence on either count 8 or count 9 in accordance with section 654, as amended by Assembly Bill No. 518 (Stats. 2021, ch. 441, § 1).  (*People v. Salinas* (Apr. 25, 2022, F079629) [nonpub. opn.].)

On March 30, 2023, the trial court denied probation and resentenced defendant to consecutive terms of 15 years to life on each of counts 2, 3, 9, 14, and 15, for a total indeterminate term of 75 years to life.  The trial court also sentenced defendant to a total consecutive determinate term of imprisonment of 41 years[4] and ordered defendant to pay victim restitution and various other fines, fees, and assessments.

---

[3]     The victim of counts 1 through 13 was G.S.; the victim of counts 14 and 15 was M.C.; and the alleged victim in count 16 was I.C., for which defendant was acquitted.

[4]     The trial court sentenced defendant as follows:  six years on count 1; a consecutive one-third term of two years on count 4; consecutive one-third terms of one year and two years on counts 6 and 8, stayed pursuant to section 654; nine years on count 10; nine years on count 11; seven years on count 12; and eight years on count 13.  The determinate abstract of judgment, filed on April 10, 2023, referred to an additional page that included the sentences on counts 12 and 13.  However, this additional page was omitted from the August 11, 2023, September 13, 2023, and October 11, 2023 amended determinate abstracts of judgments in the supplemental clerk's transcripts.

The trial court also prohibited defendant from visiting any child under the age of 18 years pursuant to section 1202.05 and reissued the criminal protective order as to all three victims, including I.C., the victim of count 16 for which defendant was acquitted.

Defendant timely appealed on March 30, 2023.

## DISCUSSION

Section 136.2, subdivision (i)(1) provides that when a criminal defendant has been convicted of a crime of domestic violence, the court shall consider issuing an order restraining the defendant from any contact with the victim.  In this case, as the People concede, defendant was not convicted of the crime against I.C. charged in count 16.  While "victim" is defined as a natural person to whom there is reason to believe a crime as defined under the laws of any state is being or has been perpetrated or attempted to be perpetrated (§ 136, subd. (3)), the jury acquitted defendant of the crime against I.C., and there was no evidence that I.C. was a victim of the crimes involving M.C. and G.S. for which defendant was convicted.  (See *People v. Delarosarauda* (2014) 227 Cal.App.4th 205, 211 [§ 136.2, subd. (i)(1) did not authorize the protective order for Delarosarauda's son and stepdaughter because they were not victims of the crime for which he was convicted].)

Because, under the plain language of section 136.2, subdivision (i)(1), a postconviction protective order is limited to restraining the defendant from contact with a victim of a crime (see *People v. Delarosarauda*, *supra*, 227 Cal.App.4th at p. 211), the trial court erred by including I.C. in the postconviction protective order issued against defendant.

## DISPOSITION

The minor child identified as I.C. shall be deleted as a protected person under the postconviction protective order.  On remand, the trial court is directed to remove her name from the protective order.  As so modified, the judgment of conviction is otherwise affirmed in its entirety.